**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ELAINE MARKS, | ) | CASE NO. 4:08 CV 1926 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

Plaintiff Elaine Marks challenges the final decision of the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under the Social Security Act, 42 U.S.C. §§ 416(I), 423 *et seq*. (the "Act").  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).  This case is before the undersigned United States Magistrate Judge pursuant to the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the Court VACATES and REMANDS the final decision of the Commissioner for proceedings consistent with this Order.

1

## I.  PROCEDURAL HISTORY

The Commissioner previously found Ms. Marks to be entitled to a period of disability from September 8, 1979 through December 8, 1980, after a car accident causing multiple fractures.  (Tr.  25, 81, 148-176.)

Ms. Marks returned to work in 1984.  She stopped working on December 30, 2001, allegedly due to her history of multiple injuries, a blood disorder, a thyroid disorder, and severe chronic pain.  (Tr. 83, 98.)  On January 16, 2003, Ms. Marks filed an application for DIB, alleging a December 31, 2001 onset date.  (Tr. 78.)

Ms. Marks's disability claim was denied initially and upon reconsideration.  Ms. Marks requested a hearing.  (Tr. 48, 53, 56.)  On February 24, 2004, Administrative Law Judge ("ALJ") Diane Townsend-Anderson held a hearing regarding Ms. Marks's claim.  (Tr. 389-406.)

On July 29, 2004, ALJ Townsend-Anderson issued a Notice of Decision, holding that Ms. Marks was disabled as of January 11, 2004, her 55th birthday.  (Tr. 41.)  Ms. Marks objected to the ALJ's determination that she was not disabled between December 31, 2001 and January 10, 2004 and requested review by the Appeals Council.  (Tr. 65-66, 145-47.)

The Appeals Council remanded Ms. Marks's case for a new hearing.  Ms. Marks's case was reassigned to ALJ Linda Halperin, who held a hearing on the matter on April 26, 2007.  (Tr. 407-27.)  On June 20, 2007, ALJ Halperin found that Ms. Marks was not disabled.

This decision became the final decision of the Commissioner when the Appeals Council denied further review.  Ms. Marks filed an appeal to this Court. On appeal, Ms.

Marks claims the ALJ's decision is not supported by substantial evidence.

## II.  FACTUAL BACKGROUND

### A.     Personal and Vocational Background

Ms. Marks was born on January 11, 1949 and was 52 years old on the alleged onset date.  (Tr. 78.)  She is a high school graduate and has past relevant work experience as an office clerk, owner/salesperson of an antiques store, and as hotel marketing representative.  (Tr. 99, 104, 141.)

### B.     Medical Evidence

In September 2000, Ms. Marks saw orthopedist David Baroff M.D. and complained of left knee pain. (Tr. 178.)  Dr. Baroff noted that Ms. Marks had trauma to both lower extremities many years ago that required fixation with DCS plates.   X-rays showed moderate tricompartmental arthritis of the left knee and moderate degenerative changes in the right knee.  Dr. Baroff diagnosed Ms. Marks with post traumatic arthritis of the knees.  Dr. Baroff thought that Ms. Marks's condition could be managed with medication and therapy, advising her to return for a cortisone injection "[i]f things get worse." (*Id.*)  Ms. Marks did not return to Dr. Baroff with complaints of knee pain until 2003.

In March 2003, Ravinder Nath M.D. examined Ms. Marks for the state agency. (Tr. 258.)   Dr. Nath reported that Ms. Marks's knees and ankles had swelling and restricted range of motion. (*Id.*)  He also noted reduced range of motion in Ms. Marks's hips and a slight limp.  (*Id*.)  X-rays showed severe degenerative arthritis of the right knee, but no significant arthritis in the left knee. (*Id*.)   Dr. Nath diagnosed a history of arthritis and fractured femur (thigh). (*Id*.)  He stated "her ability to lift, etc. is affected by

3

the above problems." (*Id*.)

Non-examining state agency physician Elizabeth Das M.D. reviewed the records for the State agency and found that Ms. Marks could lift ten pounds frequently and twenty pounds occasionally; stand or walk at least two hours in an eight-hour day; and sit for six hours in an eight-hour day. (Tr. 269.)  Dr. Das opined that Ms. Marks could occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl.  (Tr. 270.) David Rath M.D. affirmed Dr. Das's findings. (Tr. 272.)

In May 2003, Ms. Marks complained of worsening bilateral knee pain to her primary care physician, Subhash Khaterpaul M.D. (Tr. 279.)  Dr. Khaterpaul noted worsening knee and ankle pain with stiffness, fullness in the ankles, a deformity in the right knee, and a restricted range of motion in the knees and ankles.  (*Id*.)  Dr. Khaterpaul opined that Ms. Marks was disabled due to severe knee and ankle pain and arthritis secondary to multiple fractures she sustained in both legs in 1979. (*Id*). However, Dr. Khaterpaul did not refer Ms. Marks to a specialist nor recommended any treatment. (*Id*.)  When Dr. Khaterpaul next examined Ms. Marks six months later, in November 2003, he again did not recommend any treatment. (Tr. 277.)

In October 2003, Robert Pistz M.D., an orthopedist, reported that Ms. Marks had osteoarthritis in her knees, and prescribed six weeks of therapy. (Tr. 273.)   Physical examination revealed tenderness, difficulty with heel raises, 4/5 quadricep strength, and a 1/4 leg length discrepancy left over right.   (Tr. 274.)  Dr. Pistz opined that Ms. Marks should avoid squatting and would need total knee replacements. (Tr. 274.)

4

### III.  STANDARD FOR DISABILITY

A claimant is entitled to receive benefits under the Act when she establishes disability within the meaning of the Act.  20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981).   A claimant is considered disabled when she cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-stage process.  First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000).  Fourth, if the claimant's impairment does not prevent her from doing her past relevant work, the claimant is not disabled.  For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled.  *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

5

## IV.  SUMMARY OF COMMISSIONER'S DECISION

The ALJ determined that Ms. Marks was not disabled between December 31, 2001 and January 10, 2004.  Specifically, the ALJ found that Ms. Marks suffered from the severe impairments of degenerative disease in the knees and ankles and headaches, but that she did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).  The ALJ found that Ms. Marks has the residual functional capacity ("RFC")  to perform light exertional level work that  involves standing and walking for up to six hours in a day, sitting for two hours in a day, and lifting 10 pounds frequently and 20 pounds occasionally.   The ALJ found that Ms. Marks was not under disability from December 31, 2001 through January 10, 2004 because jobs existed in significant numbers in the national economy that she could perform.

## V.  STANDARD OF REVIEW

This Court's review is limited to determining whether substantial evidence exists in the record to support the administrative law judge's findings of fact and whether the correct legal standards were applied.  *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a

6

preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

## VI.  ANALYSIS

Ms. Marks maintains that the Court should reverse the ALJ's decision because the ALJ failed to address any of the physicians' opinions regarding her limitations.

The ALJ does summarize some of the medical evidence in the record.  The ALJ addresses the details of the records of Dr. Khaterpaul, Ms. Marks's primary care physician, but fails to mention that Dr. Khaterpaul opined that Ms. Marks cannot work due to severe pain and arthritis.  (Tr. at 18, 279.)  The ALJ similarly provides a summary of the objective findings of Dr. Nath, a consultant for Social Security, but does not address Dr. Nath's opinion that Ms. Marks had limited ability to lift.  (Tr. at 18, 258.) The ALJ does not reference the findings of the two state agency non-examining physicians, Drs. Das and Rath, at all in her decision.

As the Sixth Circuit has noted, an ALJ is required to give "good reasons" for rejecting the opinion of a treating physician, and failure to do so is a procedural violation even if the administrative decision is otherwise supported by substantial evidence. *Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2004).  Although an exception to the *Wilson* rule may apply if the treating physician's opinion could not possibly be credited by the ALJ, the complete failure to mention a treating physician's opinion is not harmless error because it indicates that the ALJ may have overlooked the evidence.  *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 747-48 (6th Cir. 2007).

In the instant action, although the ALJ does discuss some of Dr. Khaterpaul's

7

records, the ALJ does not assign weight to or even mention Dr. Khaterpaul's opinion regarding Ms. Marks's inability to work.  Although the ALJ may have good reason to reject Dr. Khaterpaul's opinion, the ALJ failed to provide such reason.  In fact, it is unknown whether the ALJ considered Dr. Khaterpaul's opinion at all.  Therefore, the ALJ's decision is reversed and remanded to explain the weight given to Dr. Khaterpaul's opinion.

In addition, the ALJ failed to mention the medical opinion of Dr. Nath or any of the medical evidence provided by two state agency non-examining physicians, Drs. Das and Rath.

Pursuant to SSR 96-6p, the ALJ is required consider the opinions of state agency physicians and explain the weight given to these opinions:

> Because State agency medical . . . consultants and other program physicians . . . are experts in the Social Security disability programs, the rules in 20 CFR 404.1527(f) and 416.927(f) require administrative law judges and the Appeals Council to consider their findings of fact about the nature and severity of an individual's impairment(s) as opinions of nonexamining physicians . . . . Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians . . . , but they may not ignore these opinions and must explain the weight given to the opinions in their decisions.

SSR 96-6p.

In the instant action the ALJ completely neglects the medical evidence and opinions of the agency doctors in her decision.  The ALJ's opinion is conclusory and totally devoid of any meaningful analysis.  The Commissioner argues that this is harmless error because "had the ALJ considered Drs. Das's and Rath's findings, he (sic) would have rejected them, based on their unfamiliarity with Marks's treatment history."  This argument fails because  the ALJ provided no indication whatsoever how

8

she would assign weight to these physicians.  Moreover, the Commissioner's argument seems to assert that essentially any opinion of non-examining state agency physician is useless in making a determination of disability because they do not physically examine claimants.  This argument flies in the face of SSR 96-6p, which provides that an ALJ may not ignore the opinions of these physicians because they are experts in Social Security disability programs.   Moreover, the Commissioner does not address Dr. Nath, the examining state agency physician at all.   Therefore, the Commissioner does not demonstrate that the ALJ's failure to discuss and assign weight to the opinions of Drs. Nath, Das, and Rath amounts to harmless error.

The ALJ's failure to mention and weigh the opinions of the state agency physicians requires reversal of the ALJ's decision and remand to discuss and assign weight to these opinions.

## VII.  DECISION

For the foregoing reasons, the Court finds the decision of the Commissioner is VACATED and REMANDED  and judgment is entered in favor of the plaintiff.

**IT IS SO ORDERED.**


s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date:  April 16, 2009

9